IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DWAYNE WHITE                                                                               PETITIONER
REG. #02953-112

V.                                          NO.  2:05CV00124 JWC

LINDA SANDERS, Warden,                                                                 RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Dwayne White, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1), alleging that the Bureau of Prisons (BOP) is miscalculating his good conduct time credits. Respondent contends that the petition is without merit (docket entry #5), and Petitioner has replied (docket entry #7).  For the reasons that follow, the petition must be dismissed.[1]

According to Petitioner, he is serving a 180-month sentence, imposed on April 3, 1995.  He says the BOP has inaccurately calculated his projected good conduct time credits at the rate of forty-seven days for each year of his sentence, when the applicable statute, 18 U.S.C. § 3624(b), provides for fifty-four days of credit for each year of the sentence.  This is due to the BOP's policy of awarding good conduct time based on the time actually served on a sentence, rather than the sentence imposed.  Petitioner says he is entitled to earn up to 810 days of good conduct time, which would place his projected release date in June 2007, and he asks the Court to direct the BOP to recalculate his good conduct time accordingly.

---

[1]The parties have consented to the jurisdiction of the undersigned Magistrate Judge (docket entry #9).

Federal prisoners have a statutory right to receive credit toward their sentences for good behavior. 18 U.S.C. § 3624(a) & (b). Section 3624(b)(1) provides in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. ... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Once credit is awarded under this statute, the number of years that a prisoner actually will serve will be less than the imposed sentence. The BOP has interpreted § 3624(b) as entitling a prisoner to be awarded good conduct time credits based only on the time he has served, rather than on the full sentence that he received. 28 C.F.R. § 523.20(a)(1) (stating that the BOP "shall award ... 54 days credit **for each year served** (prorated when the time served by the inmate for the sentence during the year is less than a full year)") (emphasis added); BOP Program Statement 5880.28, at 1-40 to 1-61 (Feb. 21, 1992), *available at* http://www.bop.gov (setting forth detailed calculation instructions).

The position advanced by Petitioner – that he should receive credit for each year of the sentence imposed – was rejected by the Eighth Circuit Court of Appeals in James v. Outlaw, 126 Fed. Appx. 758 (8th Cir. 2005) (unpub. *per curiam*), as follows:

> We conclude that § 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed. See White v. Scibana, 390 F.3d 997 (7th Cir. 2004)[, cert. denied, 125 S. Ct. 2921 (2005)]; Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001)[, cert. denied, 535 U.S. 1105 (2002)]. Since the BOP regulation was adopted through the notice and comment procedure, it is entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984), and we conclude that it is a reasonable interpretation of the statute.

2

Id. at 759. This ruling was reiterated in United States v. Wittman, 139 Fed. Appx. 759, 760 (8th Cir. 2005) (unpub. *per curiam*) (citing James and rejecting prisoner's argument that BOP's calculation method is contrary to Congress's intent and also finding rule of lenity inapplicable to resolve ambiguity).

The Eighth Circuit's decisions are in accord with rulings from every other Circuit Court of Appeals that has addressed the issue. Perez-Olivo v. Chavez, 394 F.3d 45, 48-54 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 173-74 (3d Cir. 2005); Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 530-35 (4th Cir. 2005); Sample v. Morrison, 406 F.3d 310, 312-13 (5th Cir. 2005) (dicta); Petty v. Stine, No. 05-5379, 2005 WL 2258042 (6th Cir. Sept. 19, 2005); White, 390 F.3d at 1000-02; Pacheco-Camacho, 272 F.3d at 1270-71. But see Moreland v. Fed. Bureau of Prisons, 363 F. Supp. 2d 882, 885-94 (S.D. Tex. 2005) (agreeing with Petitioner's position); Williams v. Dewalt, 351 F. Supp. 2d 412, 413-20 (D. Md. 2004) (same).

In O'Donald, the Third Circuit explained that the BOP's interpretation of § 3624(b)'s ambiguous language is reasonable because it "comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning [good conduct time] for time during which they were not incarcerated." O'Donald, 402 F.3d at 174 (citing Pacheco-Camacho, 272 F.3d at 1270-71). Accepting Petitioner's reading of the statute would "entitle an inmate to receive credit for good conduct in prison for time – perhaps several years of time – that he was not in prison." White, 390 F.3d at 1002.

This Court will follow the Eighth Circuit's unpublished decisions in James and Wittman, which represent the clear majority view, and will, therefore, afford full deference to the BOP's interpretation of § 3624(b) and dismiss Petitioner's claim that the BOP is miscalculating his good conduct time credits.

Petitioner asks the Court to hold his petition in abeyance pending the Eighth Circuit's decision in Patel v. Jeter, No. 05-2652.  Patel, like James and Wittman, involves the same issue as presented here regarding calculation of good conduct time.  However, the Eighth Circuit's docket sheet for Patel, accessed electronically, shows that appointed counsel for the petitioner there has recently moved for leave to withdraw and tendered a brief pursuant to Anders v. California, 366 U.S. 738, 744 (1967) (where counsel finds a case to be "wholly frivolous," he must so advise the court, request permission to withdraw, and tender a brief "referring to anything in the record that might arguably support the appeal").  In light of the Eighth Circuit's two unpublished *per curiam* opinions rejecting Petitioner's position, the Court does not find sufficient justification to hold this ruling in abeyance pending the appellate ruling in Patel.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus is hereby DISMISSED  in its entirety with prejudice.  Petitioner's motion to hold a ruling in abeyance (docket entry #8) is DENIED.

IT IS SO ORDERED this 18th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE